**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN CORRION and
NANCY E. CORRION,

       Plaintiffs,

    v.                      CIVIL ACTION NO. 2:11-CV-15114
                               HONORABLE ARTHUR J. TARNOW
                               UNITED STATES DISTRICT JUDGE

MONICA J. COPELAND. et. al,

       Defendants,

_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT**
**PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on the plaintiffs' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff John Corrion is an inmate confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff John Corrion has filed an application to proceed without prepayment of fees and affidavit pursuant to 28 U.S.C. § 1915(a)(1). Co-plaintiff Nancy Corrion is John Corrion's wife and resides in Howell, Michigan. Nancy Corrion has not submitted any documentation in support of any request to proceed *in forma pauperis.* For the reasons stated below, the Court will summarily dismiss the plaintiffs' complaint.

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6ᵗʰ Cir. 2006). The plaintiffs failed to provide the $350.00 filing fee when they filed their complaint.

*Corrion v. Copeland, et. al.,* 11-CV-15114

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff John Corrion has five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Corrion v. Corrion,* U.S.D.C. No. 10-CV-10669 (E.D. Mich. June 21, 2010); *Corrion v. Morse, et. al.;* U.S.D.C. No. 2:09-CV-11863 (E.D. Mich. June 30, 2009); *Corrion v. Ludwick,* U.S.D.C. No. 2:09-CV-11531 (E.D. Mich. July 13, 2009); *Corrion v. Morse,* U.S.D.C. No. 2:09-CV-11404 (E.D.Mich. April 22, 2009); *Corrion v. Latreille,* U.S.D.C. No. 08-CV-15272 (E.D. Mich. January 8, 2009).

In addition, plaintiff John Corrion has been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, in four cases. *See Corrion v. State Treasurer,* U.S.D.C. No. 10-CV-13172 (E.D. Mich. September 9, 2010); *Corrion v. Kleine,* U.S.D.C. No. 2:10-CV-12192 (E.D. Mich. June 16, 2010); *Corrion v. Caruso*, U.S.D.C. No. 2:09-CV-13159 (E.D. Mich. January 28, 2010); *Corrion v. Corrion,* U.S.D.C. No. 2:09-CV-13265 (E.D. Mich. September 8, 2009).

2

*Corrion v. Copeland, et. al.,* 11-CV-15114

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff John Corrion has at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted.  More importantly, plaintiff John Corrion was advised by federal district judges on four separate occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999).  In this case, plaintiff John Corrion has

3

2:11-cv-15114-AJT-PJK   Doc # 5   Filed 12/09/11   Pg 4 of 7   Pg ID 61

*Corrion v. Copeland, et. al.,* 11-CV-15114

committed what amounts to a fraud upon this Court by requesting *in forma pauperis* status without revealing that other federal judges have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 Fed. Appx. 395, 396 (7th Cir. 2006)*; See also Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Ward v. King,* No. 2009 WL 367859, * 2(E.D. Mich. February 12, 2009); *Demos v. U.S.,* No. 2008 WL 4387327, * 2-3 (E.D. Mich. September 24, 2008); *State Treasurer v. Garrison*, No. 2008 WL 2831241, * 2 (E.D.Mich. July 21, 2008).

Moreover, plaintiff John Corrion has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Plaintiff John Corrion's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).

Co-plaintiff Nancy Corrion has not paid the $ 350.00 filing fee nor has she submitted any documentation in support of any request to proceed *in forma pauperis.* All individuals, both prisoners and nonprisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997). Because plaintiff

*Corrion v. Copeland, et. al.,* 11-CV-15114

Nancy Corrion has neither paid the $ 350.00 filing fee nor filed any documents in support of a request to proceed *in forma pauperis,* her complaint is subject to dismissal.

The plaintiffs' complaint is subject to dismissal for a second reason, namely, that the complaint is barred by *res judicata* in that the claims being raised and the defendants being sued in this complaint appear to be similar to a prior lawsuit that was brought by the plaintiffs and dismissed with prejudice by Judge David M. Lawson, another judge in this district. *See Corrion v. Corrion,* U.S.D.C. No. 10-10669; No. 2010 WL 2573546 (E.D. Mich. June 21, 2010).  In both the current complaint and the plaintiffs' previous case, the plaintiffs allege that John Corrion's ex-wife, Karen Corrion, and her attorney, Monica Copeland, violated the plaintiffs' constitutional rights by taking property from the former marital estate and obtaining a default judgment against them in state court.  The plaintiffs' prior lawsuit was dismissed on the ground that the two defendants being sued were not state actors and hence could not be sued under 42 U.S.C. § 1983. *Id.*

In order to apply the doctrine of federal *res judicata*, three elements are required:

(1) a final judgment on the merits of the earlier case;

(2) the claims that are asserted in both lawsuits are sufficiently related and founded upon the same transaction, arise out of the same nucleus of operative facts, and seek redress for essentially the same basic wrong; and,

(3) both actions involve the same parties or their privies.

*Coleman v. Martin,* 363 F. Supp. 2d 894, 901 (E.D. Mich. 2005)(citing

*Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1165 (1st Cir. 1991)).

5

*Corrion v. Copeland, et. al.,* 11-CV-15114

"Federal *res judicata* bars not only all matters that were litigated in the first proceeding, but also all issues that could have been litigated." *Coleman,* 363 F. Supp. 2d at 901(citing *Kale*, 924 F.2d at 1164; *Interstate Pipe Maintenance, Inc. v. FMC Corp.*, 775 F.2d 1495, 1497 (11th Cir. 1985); *Johnson v. United States*, 576 F.2d 606, 611 (5th Cir.1978)).

Having reviewed plaintiffs' current complaint and the complaint filed by the plaintiffs in their previous case before Judge Lawson, the Court is convinced that the plaintiffs' claims "are substantially identical and arise from the same nucleus of operative facts."  Accordingly, plaintiffs' complaint is barred by *res judicata. Coleman,* 363 F. Supp. 2d at 901-02; *See also Taylor v. Reynolds*, 22 Fed.Appx. 537, 538-39 (6th Cir. 2001).  Moreover, although the plaintiffs in their current complaint now raise claims that defendant Karen Corrion committed home invasion and larceny and that both defendants lied to the state court about effecting personal service upon the plaintiffs, *res judicata* bars not only those claims actually litigated but also those claims that could have been litigated, hence, these new claims are also barred from this Court's review based on the plaintiffs' failure to raise these claims in their prior case. *Coleman,* 363 F. Supp. 2d at 902.

6

*Corrion v. Copeland, et. al.,* 11-CV-15114

## III.  ORDER

IT IS ORDERED that Plaintiff John Corrion's "Application to Proceed Without Prepayment of Fees and Costs" is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' civil rights complaint is DENIED AND DISMISSED.

IT IS FURTHER ORDERED that the request for immediate injunctive relief [DE #4] is DENIED.

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by Plaintiffs would not be done in good faith. *See* 28 U.S.C.§ 1915(a)(3). *See also McGore v. Wrigglesworth,* 114 F. 3d 601, 610-11 (6th Cir. 1997).


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 9, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

7