UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CORRION and
NANCY E. CORRION,

    Plaintiffs,

v.                             CIVIL ACTION NO. 2:11-CV-15114
                                  HONORABLE ARTHUR J. TARNOW
                                  UNITED STATES DISTRICT JUDGE

MONICA J. COPELAND. et. al,

    Defendants,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

On December 9, 2011, this Court denied the plaintiffs' application to proceed without prepayment of fees and costs and dismissed without prejudice plaintiffs' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. *Corrion v. Copeland*, No. 2011 WL 6122780 (E.D. Mich. December 9, 2011). Plaintiffs have now filed a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999 (*citing* L.R. 7.1(g)(3)). A motion for reconsideration

1

*Corrion v. Copeland, et. al.;* 11-CV-15114

which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

    The Court denied plaintiff John Corrion's application to proceed without prepayment of fees and costs because he had at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. The Court also noted that plaintiff John Corrion had subsequently been informed by federal district judges on four different occasions that he was precluded from proceeding *in forma pauperis* pursuant to § 1915(g) because of these prior dismissals. Plaintiff John Corrion committed what amounted to a fraud upon this Court by requesting *in forma pauperis* status without revealing that other federal judges had previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). Moreover, plaintiff John Corrion failed to allege any facts which would establish that he is in imminent danger of serious physical injury, and thus, did not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibited him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals.

    The Court rejected co-plaintiff Nancy Corrion's request to proceed *in forma pauperis* and dismissed the complaint because she failed to submit a form or affidavit stating all of the assets possessed by her, nor did she pay the $ 350.00 filing fee. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997).

    In their motion, plaintiffs argue that they should be permitted to proceed *in forma pauperis* because they fall within the imminent danger exception under § 1915(g). Plaintiff John Corrion claims that he is in imminent danger of physical injury from other

2

*Corrion v. Copeland, et. al.;* 11-CV-15114

inmates in the prison where he is incarcerated because of his age and size and claims that he has been assaulted several times by other inmates. Plaintiff Nancy E. Corrion claims that she is in imminent danger because she has no money left or personal property to sell, therefore, she is in imminent danger of losing her marital home and has no assets to pay the utilities or even feed herself.

To meet the imminent danger requirement of the PLRA's three strikes provision, the threat or prison condition "must be real and proximate." *See Ciarpaglini v. Saini,* 352 F. 3d 328, 330 (7th Cir. 2003).

Plaintiffs' complaint does not fall within the imminent danger exception to 28 U.S.C. § 1915g. Plaintiffs alleged in their complaint that John Corrion's ex-wife, Karen Corrion, and her attorney, Monica Copeland, violated the plaintiffs' constitutional rights by taking property from the former marital estate and obtaining a default judgment against them in state court. Plaintiffs have failed to show any causal connection between the actions of the defendants and their current living conditions. Moreover, any allegations of constitutional deprivations against the plaintiffs by the defendants are insufficient to obtain relief under the "imminent danger" exception, since their complaint targeted persons whom the plaintiffs have failed to show have any control over John Corrion's current conditions of confinement at the Gus Harrison Correctional Facility in Adrian, Michigan or Nancy Corrion's living conditions at her home in Howell, Michigan. *See Day v. Maynard*, 200 F. 3d 665, 667 (10th Cir. 1999); *Peoples v. Gilbert,* 2001 WL 1219070, * 2 (E.D. Mich. September 14, 2001).

3

*Corrion v. Copeland, et. al.;* 11-CV-15114

This Court also dismissed plaintiffs' complaint for a second reason, namely, that the complaint was barred by *res judicata* in that the claims being raised and the defendants being sued in this complaint were similar to a prior lawsuit that was brought by the plaintiffs and dismissed with prejudice by Judge David M. Lawson, another judge in this district. *See Corrion v. Corrion,* U.S.D.C. No. 10-10669; No. 2010 WL 2573546 (E.D. Mich. June 21, 2010). Plaintiff John Corrion argues in his motion for reconsideration that the doctrine of *res judicata* should not apply to bar his current lawsuit, because he had proceeded *pro se* on his earlier case before Judge Lawson and had inartfully drafted his first complaint.

Courts have refused to exempt *pro se* plaintiffs from the doctrine of *res judicata*. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2nd Cir. 2002); *See also Mayhew v. Lytle,* 41 Fed. Appx. 764, 767 (6th Cir. 2002); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903-04 (E.D. Mich. 2005). Accordingly, the mere fact that plaintiff John Corrion was proceeding *pro se* in his prior lawsuit before Judge Lawson would not preclude the dismissal of his current complaint on *res judicata* grounds.

Plaintiffs' motions for reconsideration will be denied, because they have failed to demonstrate a palpable defect by which the court and the parties were misled and that a different disposition of the case must result from a correction thereof.

*Corrion v. Copeland, et. al.;* 11-CV-15114

### ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration [Dkt. # 6] is **DENIED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 18, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 18, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary